■ CARL F. CUNNINGHAM, Appellant, v MATTHEW H. MATARASO et al., as Trustees, Respondents.—Appeal from an order of the Supreme Court at Special Term, entered December 7, 1978 in Rensselaer County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. This matter involves a claim by plaintiff to recover his share of a profit sharing plan operated by his former employer. The defendant trustees of the plan declined to pay plaintiff his allocation, holding that plaintiff had left his employment and had become a competitor of his former employer in violation of article V (4) of the plan. The article in question provides: "(a) If in the judgment of the Trustees a participating employee voluntarily leaves the employ of the Company and enters the service of a competitor of the Company, or is dismissed for fraud or dishonesty at any time prior to his becoming eligible for benefits under any of the other provisions of this Article V, he shall receive no benefits whatsoever under the plan, and any and all of his interest in and under the plan or trust shall immediately cease and be forfeited." The moving papers indicate that the former employer has its major source of business in the Albany-Delmar region and that it had a location in the Hoosick area which was sold in 1976. The plaintiff operates a business he owns in the Grafton-Pittstown area. Both deal in the sale of kerosene and fuel oil. There is one only documented instance in the record of an overlap of business. It involved a bid for a small contract with the Hoosick Rescue Squad. The forfeiture of plaintiff's allocation was voted on before the award of a contract in the bids submitted by plaintiff and defendant. Plaintiff's papers allege, also, that the trustees of the profit plan had on other occasions granted shares to other employees who facially were in violation of article V (4) of the profit plan. We conclude that there exist factual issues needing resolution in this controversy. Summary judgment was, therefore, inappropriately granted. Order modified, on the law, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the complaint and motion denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main and Mikoll, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). I dissent and vote to affirm for the reasons set forth in the decision of Mr. Justice Cholakis at Special Term.